UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MICHELLE RENEE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-240-DCP |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 19]. Now before the Court is Plaintiff's Counsel's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 32], supporting affidavit [Doc. 33], and memorandum [Doc. 34], along with Defendant's Response [Doc. 38]. Plaintiff's counsel requests that the Court enter an Order awarding $20,000.00 in attorney's fees [Doc. 32 p. 1]. For the reasons stated more fully below, the undersigned **GRANTS** Plaintiff's Counsel's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 32].

**I.    BACKGROUND**

Plaintiff filed a Complaint against the Commissioner on November 10, 2020, requesting judicial review of the Commissioner's denial of her claim for Social Security disability benefits [Doc. 1]. On July 1, 2021, Plaintiff filed a Motion for Judgment on the Pleadings [Doc. 21] and accompanying Memorandum in Support [Doc. 22], arguing that the Commissioner's decision was invalid because the Commissioner was not constitutionally appointed and that the Administrative Law Judge's ("ALJ") decision to deny benefits was not supported by substantial evidence. On July 28, 2021, the parties filed a Joint Motion for Entry of Judgment With Remand Under Sentence Four of 42 U.S.C. § 405(g) [Doc. 23], asking the Court to remand Plaintiff's case to the

Commissioner for further administrative proceedings including offering Plaintiff a new hearing, updating the record, and issuing a new decision. On August 12, 2021, the Court issued an Order [Doc. 24] and accompanying Judgment [Doc. 25] granting the parties' joint motion and remanding the matter to the Commissioner for further administrative proceedings.

On August 13, 2021, Plaintiff filed an Application for Award of Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. 26], supporting affidavit [Doc. 27] and memorandum [Doc. 28], requesting an award of $3,600.00 in attorney's fees and $21.30 in expenses. The Commissioner responded with no opposition to the requested award of attorney's fees and expenses [Doc. 29], and thereafter, the parties filed a Joint Stipulation as to the award [Doc. 30]. On August 26, 2021, the Court entered an Order awarding Plaintiff $3,600.00 in attorney's fees and $21.30 in expenses under the EAJA [Doc. 31].

On remand, Plaintiff was found disabled as of August 14, 2016, and awarded benefits [Doc. 33-3]. Plaintiff's past-due benefits for the period from February 2017 through January 2023 totaled $148,586.00 [*Id*. at 4]. The Social Security Administration Notice of Award Letter ("Notice of Award") states that of that amount, $37,146.50 has been withheld in accordance with the usual policy of withholding twenty-five percent of past due benefits for potential payment of a claimant's representative's fee [*Id.*]. As outlined in the motion [Doc. 32], Plaintiff's counsel now seeks $20,000.00 in attorney's fees under 42 U.S.C. § 406(b). In support of the motion, Plaintiff's counsel has submitted an affidavit, including a detailing of his twenty hours of work on the case [Doc. 33 pp. 2–3], an Affidavit of co-counsel Mr. Mark Skelton [Doc. 33-1], a copy of the fee agreement between counsel and Plaintiff [Doc. 33-2], and the Notice of Award [Doc. 33-3]. Plaintiff's counsel states that Mr. Skelton, Plaintiff's hearing-level representative, has filed a fee petition requesting $12,000.00 [Doc. 33 at 1–2]. Plaintiff's counsel relates that should the Court

2

award attorney's fees under 42 U.S.C. § 406(b) in excess of the previous EAJA award, which he notes as $3,600.00 in attorney's fees, Plaintiff will be refunded the EAJA award [Doc. 32 pp. 1–2].

Following the filing of Plaintiff's counsel's request, the Commissioner filed a response [Doc. 38]. The Commissioner relates that, "Defendant neither supports nor opposes counsel's request for attorney's fees under section 406(b) in the amount of $20,000" [*Id.* at 2]. While noting that the requested fee amounts to an effective hourly rate of $1,000.00 for twenty hours of work, the Commissioner adds, "it [is] also significantly below 25% of past-due benefits" [*Id.*]. The Commissioner further notes that the Court must independently determine whether the requested fee is reasonable [*Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002))]. Finally, the Commissioner states that "if the Court awards attorney fees under section 406(b) in an amount greater than $3,621.30,[1] Defendant asks the Court to order Plaintiff's counsel to refund the entire EAJA award to Plaintiff" [*Id.* at 1].

## II.    ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded: (1) the Court must have rendered a judgment favorable to the plaintiff; (2) the plaintiff must have been represented by counsel; and (3) the Court must find that the fee is reasonable and not in excess of twenty-five percent of the total past-due benefits to which Plaintiff is entitled. *See id.* Here, the parties jointly requested a "sentence four" remand [Doc. 23], which,

---

[1]    The Commissioner's calculation of the EAJA award includes $3,600.00 in attorney's fees plus $21.30 in expenses.

3

for purposes of 42 U.S.C. § 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). And Plaintiff was represented by counsel in her appeal under an agreement, which provided for a contingent fee in the amount of twenty-five percent of the past-due benefits as payment for counsels' representation. [Doc. 33–2]. Thus, the Court must only consider the reasonableness of the requested fee amount.

As the Commissioner correctly notes, the Court must independently determine whether the requested fee is reasonable. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Plaintiff's counsel submits that the requested fee is reasonable because a contingent fee of twenty-five percent of past due benefits has been held reasonable. He further contends that the fee requested from this Court ($20,000.00) and from the SSA by co-counsel ($12,000.00) constitutes less than twenty-five percent of the past due benefits payable to Plaintiff and that a refund of EAJA fees to Plaintiff would further reduce the fee to less than twenty-five percent. He states that the fee requested does not constitute a windfall considering the extended time he represented his client before the court, the Social Security Administration, and the result he and his co-counsel were able

to achieve. Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to Plaintiff. Thus, counsel was effective in his representation as he was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.).

Plaintiff's counsel has requested a fee in the amount of $20,000.00. When combined with the $12,000.00 requested by Plaintiff's counsel's administrative co-counsel, the total requested amount equals $32,000.00, which is significantly less than what has been withheld by the Commissioner pursuant to the usual practice of withholding twenty-five percent of past due benefits to pay a representative[2] [Doc. 33-3 p. 4]. Plaintiff's counsel has submitted a ledger

---

[2] A total of $37,146.50 was set aside from Plaintiff's past-due payments. The combination of Mr. Smith's and his co-counsel's requested amounts total $32,000.00, which is $5,146.50 less than the amount withheld from the past-due benefit award and contractually agreed upon fee arrangement.

5

detailing twenty hours of total work on Plaintiff's appeal to this Court [Doc. 33 pp. 2–3], for an effective hourly rate of $1,000.00. Plaintiff's counsel relates that he has been licensed to practice law in Tennessee for over forty-five years, has been admitted to practice in this Court since 1978, and has "extensive experience representing claimants before the Social Security Administration, before this Court, and before the United States Court of Appeals for the Sixth Circuit" [Doc. 33 p. 2]. He goes on to state that, although he no longer represents clients on an hourly basis, he customarily charged $150.00 per hour to represent clients in non-contingency matters when he did charge an hourly rate more than twenty years ago [*Id.*]. Counsel adds that Mr. Skelton customarily charges $250.00 per hour for non-contingent matters [*Id.*]. Mr. Skelton avers that such charges are "a reasonable and customary amount for lawyers of my experience in our area" [Doc. 33-1 p. 1.].

Counsel "submit[s] that this fee request does not constitute a windfall" and asks "the Court to look at the extended period of time he and his co-counsel represented the Plaintiff before this Court, and before the Social Security Administration, and the results achieved" [Doc. 34 p. 4]. Counsel also relates that "[i]t has been held by this Court that an effective hourly rate of $875.00 was reasonable" [*Id.* at 3 (citing *Johnson v. Colvin*, 1:12-cv-6, 2015 WL 412611 (E.D. Tenn. Jan. 30, 2015))].

The Court finds that while the effective hourly rate is high for this District, it does not constitute a windfall in this particular case for several reasons. First, the Court is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Hum. Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . . Contingent fees generally overcompensate in some cases and undercompensate in others."). Second, most, if

6

not all, of the hours worked appear to be appropriately characterized as attorney time as opposed to clerical or paralegal time. *See Hayes*, 923 F.2d at 422 (considering "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time"). Third, at least one of the issues raised by counsel on appeal—whether the Commissioner's decision was invalid because she was not constitutionally appointed—involved a then-novel and nuanced area of the law, and the twenty hours counsel spent on the appeal falls on the low end of "the normal range of time spent on the mine-run Social Security appeal." *Vandenboom v. Comm'r of Soc. Sec.*, 2022 WL 18587036, at *1 (W.D. Mich. Apr. 27, 2022) (finding "within the Sixth Circuit . . . 20 to 30 hours [i]s the normal range"). Counsel's extensive years of practicing in front of this court as well as the Social Security Administration likely contributed to his efficiency and effectiveness in this case. Counsel addressed both the then-novel issue of the Commissioner's appointment and the substantive issues of whether substantial evidence supported the ALJ's decision and whether the ALJ's findings complied with the applicable rulings and regulations through thorough and succinct briefing, resulting in a stipulated remand [*See* Docs. 1, 22, & 23]. While counsel's ledger indicates twenty hours of work on Plaintiff's case, a less-experienced attorney might have required additional hours in a similarly complex case [Doc. 33 pp. 2–3]. This court finds that Mr. Smith should not be penalized for his efficiency. *See Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 837 (S.D. Ohio 2018) ("In addition, experienced attorneys. . . may be able to complete a case in fewer hours within the typical range than would a newer attorney. In such cases, counsel should not pay a penalty for efficiency.").

Furthermore, as a result of counsel's efforts, Plaintiff obtained exceptional results with unusually high recovery of past due benefits in the amount of $148,586.00, as well as considerable future benefits [*See* Doc. 33-3, p. 3 (stating in the Notice of Award that Plaintiff "will receive

7

Case 2:20-cv-00240-DCP   Document 39   Filed 08/29/23   Page 7 of 9   PageID #: 1340

$2,240.00 each month" after March 2023); *Hall v. Colvin*, No. 3:11-CV-571-TAV-CCS, 2016 WL 792415, at *2 (E.D. Tenn. Feb. 29, 2016) (looking favorably on the fact that plaintiff's counsel "achieved a favorable result for plaintiff in the form of nearly $100,000 in past-due benefits, plus potential future benefits")]. There is also no indication counsel was the source of any delay in this case. *See Hall*, 2016 WL 792415, at *2 (distinguishing *Lasley v. Comm'r of Soc. Sec.*, 711 F.3d 308, 310 (6th Cir. 2014), from that case, in part, because there was no indication "counsel was the source of any delay").

Finally, other courts both within and outside the District have approved comparable effective hourly rates in contingency fees cases. *See id.* at *3 (collecting cases from other districts both in and outside of the Sixth Circuit that awarded effective hourly rates of $745.86, $944.00, $982.00, $830.00, $891.00, and $736.00); *Johnson*, 2015 WL 412611, at *1–3 (awarding an effective hourly rate of $875.00); *Quinnin v. Colvin*, 2013 WL 5786988 (D. Or. 2013) (awarding an effective hourly rate of $1,240.00, or fifteen percent of the total award, in a §406(b) matter); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833–34 (S.D. W. Va. 2003) (approving of an effectively hourly rate of $1,433.00). While the effective hourly rate in this case is above the floor set by the Sixth Circuit Court in *Hayes*, the Commissioner does not make any arguments to rebut the presumed reasonableness of the fee. *See* 923 F.2d at 422.

For all of these reasons, the Court finds an award of $20,000.00 does not constitute a windfall in this case.

As a final matter, the Court notes that when attorney's fees are awarded under § 406(b) and the attorney has previously received an EAJA award, the attorney is required to refund the smaller of the two awards to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. While Plaintiff's counsel does not dispute this point, he only references $3,600.00 in attorney's fees as part of the EAJA award

8

without mention of the $21.30 in expenses [*See* Doc. 32].  The Commissioner, however, maintains that the entire EAJA award to be refunded is $3,621.30, which includes both attorney's fees and expenses [*See* Doc. 38].  "Because Plaintiff's counsel has provided no legal support for his contention that he should not have to refund expenses [awarded under the EAJA], the Court finds that he must refund to Plaintiff the entire EAJA award," including the $21.30 in expenses. *Zagado v. Comm'r of Soc. Sec.*, No. 1:20-cv-09449 (SDA), 2023 WL 4054509, at *2 (S.D. N.Y. June 16, 2023) (collecting cases and rejecting the argument that counsel may deduct expenses prior to refunding the smaller fee).  Therefore, Plaintiff's counsel will be responsible for refunding to Plaintiff the previous EAJA award in the amount of $3,621.30, which includes both attorney's fees and expenses.

### III.  CONCLUSION

Based upon the foregoing, Plaintiff's Counsel's Motion for Approval of Attorney's Fees Under 42 U.S.C. § 406(b) [**Doc. 32**] is **GRANTED**.  It is **ORDERED** that attorney's fees in the amount of $20,000.00 be payable to Plaintiff's counsel under 42 U.S.C. § 406(b) and that, upon receipt of these fees, Plaintiff's counsel shall remit to Plaintiff the attorney's fees previously received from the Commissioner pursuant to the EAJA—$3,621.30.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge